UNITED STATES of America

v.

**Rickie Ray ROWAN.**

**Crim. No. 3–77–82.**

United States District Court,
E. D. Tennessee,
N. Division.

Sept. 22, 1977.

---

4. See note 3 *supra.*

Ben D. Brabson, Sevierville, Tenn., for plaintiff.

John L. Bowers, Jr., U.S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Defendant has filed a motion to suppress items seized from his car. At approximately 11:45 P.M. on June 19, 1977, in the Great Smoky Mountains National Park, an officer of the National Park Service approached the defendant and another man. The defendant was sitting behind the wheel of a parked car and the other man was standing outside the car on the passenger side. The officer asked the two men if he could see a can of beer that was sitting on the dashboard of the car. Defendant nodded his head affirmatively. The officer reached through the window on the passenger side, obtained the beer can, and examined it. After determining that it still contained beer, the officer asked the two men if they knew they were not supposed to have beer in the park. Defendant responded affirmatively, and added "I'm sorry, sir."

The officer then asked the defendant for his driver's license. The defendant got out of the car on the driver's side, and came around to the other side of the car to show the officer his Florida license.

The officer then asked to see the vehicle registration papers, having already determined that the car had Tennessee license plates. The defendant told the officer he would try to get the registration papers out of the glove compartment of the car, but that the door to the compartment was stuck and he would have to work on it to get it open.

The defendant then entered the car from the passenger side and began to try to pry on the compartment door with a screwdriver and other items. While defendant was doing this, the officer proceeded around to the driver's side of the car shining his flashlight into the car.

The officer observed an ordinary brown paper bag, the type you get in a grocery store, crumpled up and partially sticking out from under the front seat. The officer testified that there was nothing suspicious about the bag itself, that it was the type you might get in a grocery store. The officer seized the bag, took it around to the rear of the car, placed it on the trunk and opened it in order to examine its contents.

The Government argues that the seizure of the brown bag from the front seat of the car is justified as a search incident to an arrest. There is statutory authority for designated officers of the Park Service to arrest without a warrant persons who commit offenses in their presence. 16 U.S.C. § 1a–6. Regulations promulgated by the Secretary of the Interior for the Great Smoky Mountains National Park specifically prohibit the possession of beer or any alcoholic beverage, in any motor vehicle, in an open or unsealed container. 36 C.F.R. § 7.14.

The Court will assume, *arguendo*, that the officer had probable cause to arrest the defendant for possession of the beer in an open container, and that the defendant was under arrest at the time the bag was seized from the car. Searches incident to arrest are limited by the requirements of *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) and its progeny. In *Chimel*, Justice Stewart held that in a search incident to an arrest the officers had

violated the Fourth Amendment when they searched beyond the arrestee's person and "the area from within which he might have obtained either a weapon or something that could have been used as evidence against him."

Based on the testimony here, the Court finds that, considering all the facts and circumstances, the crumpled brown paper bag under the front seat of the car on the driver's side was located not only too far from the defendant but also located in an area too difficult to reach, for the seizure to be justified under *Chimel*.

Accordingly, it is ORDERED that the defendant's motion to suppress be, and the same hereby is, granted.

Order Accordingly.